954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keram KIRAKOSSIAN, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70580.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1991.
Decided Feb. 13, 1992.
 
 Before JAMES R. BROWNING, REINHARDT and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Keram Kirakossian seeks relief from deportation under section 212(c) of the Immigration and Nationality Act and asylum under 8 U.S.C. § 1158. Both the immigration judge and the BIA denied his applications. Kirakossian appeals. We affirm.
 
 
 3
 Kirakossian first contends that the BIA[1] failed to consider all of the evidence that pertained to his rehabilitation and that the BIA's finding that he was not rehabilitated was not supported by the record. The Board need only "support its conclusions with a reasoned explanation based upon legitimate concerns," Vargas v. U.S. Department of Immigration & Naturalization, 831 F.2d 906, 908 (9th Cir.1987), and the BIA's findings of fact are conclusive if supported by "reasonable, substantial and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(7). We review BIA decisions that deny relief from deportation for abuse of discretion. See Vargas, 831 F.2d at 908.
 
 
 4
 Kirakossian testified on several occasions that he understood the nature of his crimes, was sorry for committing them, and had learned from his mistakes. In addition, Kirakossian stated that he did not break any rules or regulations in prison, that he was employed, that he reported regularly to his parole officer, and that his drug tests were consistently negative. The IJ found Kirakossian's statements regarding his remorse to be not credible, and the BIA adopted the IJ's conclusion in that regard. That finding is permissible if based on specific and cogent reasons supported by substantial evidence. See Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987) (citation omitted).
 
 
 5
 Kirakossian contends that the basis for the BIA's finding that he was not credible was his inability to understand the questions propounded to him by the IJ and that the BIA's determination was therefore not supported by the record. He is correct that minor testimonial inconsistencies or misstatements caused by misunderstandings are not a substantial basis upon which to base an adverse credibility determination. See Vilorio-Lopez v. INS, 852 F.2d 1137, 1142 (9th Cir.1988); Martinez-Sanchez v. INS, 794 F.2d 1396, 1400 (9th Cir.1986). However, as noted by the BIA, Kirakossian's failure to request clarification of the questions before answering them supports the IJ's credibility assessment. In addition, Kirakossian's high school-level education lends credence to the BIA's belief that he understood the questions but chose not to tell the truth. On the other hand, the facts that Kirakossian later informed the judge about his brother's status and appeared to be confused in other portions of the proceeding tend to detract from the BIA's conclusion. Although the issue is close, we hold that the BIA's determination that Kirakossian's statements of remorse were not credible was supported by "reasonable, substantial and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(7). When combined with the BIA's finding that Kirakossian's record of criminal convictions indicates a recidivist nature--a fact that mitigates against a finding of rehabilitation--its conclusion that Kirakossian was not rehabilitated is a permissible one.
 
 
 6
 Kirakossian next contends that the BIA erroneously determined that his equities were not sufficient to merit a grant of section 212(c) relief. The BIA found that Kirakossian's 14 years of residency, his family ties, his steady employment, and his involvement in his church were equities in his favor. However, the BIA also found that Kirakossian had been convicted of serious drug offenses, that he failed to demonstrate sufficient rehabilitation, that over two years of his residency were spent in prison, and that he failed to demonstrate strong community involvement or any property or business ties to the United States. These conclusions were supported by the record and are sufficient to uphold the BIA's decision to deny section 212(c) relief. Although Kirakossian contends that the BIA merely "rubber stamped" the IJ's decision, he is incorrect: the BIA's decision demonstrates that it evaluated both the favorable and unfavorable factors itself.
 
 
 7
 Kirakossian lastly asserts that he should have been granted asylum because he has established a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "The determination that an alien has a well-founded fear of persecution has both an objective and subjective component. The subjective component requires a showing that the alien's fear is genuine. The objective component 'requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that petitioner faces persecution,' and need only show that there is a 'reasonable possibility' of persecution, not that persecution will probably result should he return to his homeland. The objective standard may be satisfied with the applicant's testimony alone if documentary evidence is unavailable." Castillo, slip op. at 16767-68 (citations omitted). We affirm the BIA's factual determinations regarding an alien's statutory eligibility for asylum if supported by substantial evidence. See Rodriguez-Rivera v. Immigration and Naturalization Service, 848 F.2d 998, 1001 (9th Cir.1988).
 
 
 8
 Kirakossian entered the United States under his father's refugee status. Kirakossian testified that he is an Armenian Christian and as such would be discriminated against in the nation that was previously known as the Soviet Union. To support this contention, Kirakossian related an incident at school in which he was beaten up by other children for wearing a cross and told by the teachers to remove the cross. Further, he testified that two friends who had recently entered the United States from the Soviet Union had told him that conditions were very bad, that there were no jobs, and that assaults on residents were common. Moreover, he stated that he feared returning to the Soviet Union because he no longer knew anyone there, would miss his family, and did not own anything in that country.
 
 
 9
 The BIA concluded that Kirakossian's allegation of future persecution was "speculative and vague, and is not corroborated by any evidence." Even without the BIA's finding that Kirakossian was not a credible witness, its conclusion that his testimony did not establish a reasonable possibility of persecution is supported by the evidence. Although Christians in Armenia may sometimes be victims of discrimination, generalized conditions of violence in a country do not give rise to a general claim of persecution. See Vides-Vides v. Immigration and Naturalization Service, 783 F.2d 1463, 1467 (9th Cir.1986). Absent credible testimony that Kirakossian would be subject to persecution, the BIA's decision that he did not qualify for asylum is permissible.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 21
 
 
 [1]
 Although Kirakossian often alleges errors by the immigration judge, we review the decision of the BIA. See Rodriguez-Rivera v. United States Department of Immigration and Naturalization, 848 F.2d 998, 1002 (9th Cir.1988); see also Castillo v. Immigration and Naturalization Service, No. 90-70605, slip op. at 16765-66 (9th Cir. Dec. 20, 1991)